## UNITED STATES *v.* STRAUSS & Co. (No. 1174).[1]

GOLD-PLATED LACE PINS.

This case is ruled by United States *v.* Flory (4 Ct. Cust. Appls. 87; T. D. 33367), and this merchandise as there determined was properly dutiable as jewelry under the last clause of paragraph 448, tariff act of 1909.

### United States Court of Customs Appeals, October 14, 1913.

APPEAL from Board of United States General Appraisers, Abstract 32153 (T. D. 33389).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Frank L. Lawrence*, special attorney, on the brief), for the United States.
*Walden & Webster* for appellees.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case concerns gold-plated lace pins, which were held dutiable by the Board of General Appraisers as manufactures of metal. The property is described by the collector in answer to the protest as follows:

The merchandise consists of lace pins with fancy heads and steel shafts, gold plated, valued at less than 20 cents per dozen pieces.

The board, following the prior holding, Abstract 26414 (T. D. 31842), held the articles to be dutiable at 45 per cent ad valorem,

under paragraph 109 or paragraph 199 of the tariff act. This holding was made on April 28, and on April 22 this court had, in United States *v.* Flory, *supra,* p. 87 (T. D. 33367), overruled the holding of the board in Abstract 26414 (T. D. 31842) and held articles like those described to be dutiable as jewelry under the last clause of paragraph 448 at 60 per cent ad valorem.

The holding of the board was undoubtedly made without its having been made acquainted with the decision of this court in the Flory case.

The decision will be *reversed* and the assessment of the collector *affirmed.*